UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>**NEW ENGLAND CONFECTIONARY COMPANY, INC.,**<br><br>Debtor<br><br>**HAROLD B. MURPHY, CHAPTER 7 TRUSTEE OF THE ESTATE OF NEW ENGLAND CONFECTIONARY COMPANY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ACAS, LLC,**<br><br>Defendant,<br><br>and<br><br>**NECCO REALTY INVESTMENTS LLC NECCO REALTY MA I LLC, NECCO REALTY MA II LLC, and NECCO REALTY MA III LLC**<br><br>Nominal Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 7<br>Case No. 18-11217-MSH<br><br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 18-01140 |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

The motion of defendants to dismiss the complaint in this adversary proceeding having come before me, and after considering the parties' written submissions and the arguments of counsel presented at a hearing on the motion on January 10, 2019, I hereby enter the following

1

orders with respect to the motion as it relates to the specific counts and claim objections in the complaint:[1]

**Count I – Declaratory Judgment – Fiduciary Duty**

DENIED. The trustee plausibly alleges that ACAS made all material business decisions on the debtor's behalf through its roles as the owner of the debtor's parent, the debtor's lender and controller of the debtor's board of directors and controller of the landlord for the property from which the debtor operated. The trustee's allegations, if proven at trial, would result in a finding that ACAS exercised pervasive control over and dominated the debtor's business affairs, giving rise to a fiduciary duty as a controller of the debtor. Further, the trustee has alleged sufficient facts to support a plausible claim that ACAS breached that duty, resulting in substantial economic harm and loss to the debtor. *See Quadrant Structured Prod. Co., Ltd. v. Vertin*, 102 A.3d 155, 183-84 (Del. Ch. 2014) (citations and footnote omitted) ("Delaware law imposes fiduciary duties on those who effectively control a corporation. . . . Delaware courts have held that challenges to . . . transfers from an insolvent subsidiary to its controller state a derivative claim for breach of fiduciary duty."); *Goodman v. H.I.G Capital, LLC (In re Gulf Fleet Holdings, Inc.)*, 491 B.R. 747, 776 (Bankr. W.D. La. 2013) (Under Delaware law, "[a] controlling stockholder may owe fiduciary duties to the corporation that it controls as well as any minority, non-controlling stockholders."). *Limor v. Buerger (In re Del-Met Corp*.), 322 B.R. 781, 809 (Bankr. M.D. Tenn. 2005) ("Under Delaware law, it is well established that a party need not be a director or officer in order to owe fiduciary duties to a corporation. A fiduciary duty may arise from the exercise of control with respect to the corporation.").

---

[1] *See* Fed. R. Civ. P. 12(b)(6), made applicable here by Fed. R. Bankr. P. 7012(b). All references to the Bankruptcy Code or the Code are to 11 U.S.C. § 101 *et seq.*

**Count II – Declaratory Judgment – Mere Instrumentality**

DENIED. A cause of action for "mere instrumentality," like veil-piercing, belongs to creditors and not to the corporation in question. Thus a bankruptcy trustee in his capacity as the holder of the claims of the bankrupt corporation lacks standing to assert a mere instrumentality claim. *See FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 104 (1st Cir. 2009); *In re Del-Met Corp.,* 322 B.R. at 804, 835. But a bankruptcy trustee also "shall have, as of the commencement of the case . . . the rights and powers of, . . . (1) a creditor that extends credit to the debtor at the time of the commencement of the case . . ." 11 U.S.C. § 544(a)(1). Based on section 544(a)(1), the trustee has standing to assert a mere instrumentality claim. *See Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1348 (7th Cir. 1987), *cert. denied*, 485 U.S. 906 (1988) ("It is axiomatic that the trustee has the right to bring any action in which the debtor has an interest, including actions against the debtor's officers and directors for breach of duty or misconduct. . . . In that capacity, the trustee acts to benefit the debtor's estate, which ultimately will benefit the debtor's creditors upon distribution. He also has creditor status under section 544 to bring suits for the benefit of the estate and ultimately of the creditors.").

**Count III – Equitable Subordination**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count IV – Recharacterization of Debt to Equity**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count V – Accounting**

DENIED. An accounting is an equitable remedy that may or may not be appropriate depending upon the outcome of other causes of action in the complaint. It is premature at this stage to foreclose by dismissal the possibility that an accounting from one or more of the defendants will be required.

**Count VI – VIII – Fraudulent Transfers**

In counts VI and VII, the trustee asserts the rights of the IRS pursuant to Bankruptcy Code § 544(b) and seeks to recover transfers made within ten and six years of the bankruptcy filing date under 26 U.S.C. § 6502 and 28 U.S.C. § 3306(b), respectively.  Those statutes do not constitute causes of action. They merely establish time limitations for the IRS to bring recovery actions. The IRS (and derivatively the trustee) must have an independent cause of action to establish transferee liability under state or federal law, such as the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A ("MUFTA"), or 28 U.S.C. § 3304 ("FDCPA").  *See also Ebner v. Kaiser (In re Kaiser)*, 525 B.R. 697, 710 (Bankr. N.D. Ill. 2014) ("The IRS's ability to collect tax liability against a transferee of the taxpayer is dependent upon the IRS's ability to establish liability under state fraudulent-transfers law."). Even though 26 U.S.C. § 6502 and 28 U.S.C. §3306(b) do not create causes of action, I adopt the reasoning in *In re Kaiser,  Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*, 570 B.R. 816, 831 (Bankr. D. Idaho 2017), and similar cases and hold that 26 U.S.C. § 6502 and 28 U.S.C. § 3306(b) are "applicable law" within the meaning of Bankruptcy Code § 544(b). Thus, to the extent the trustee is able to stand in the shoes of the IRS and assert fraudulent transfer claims, he may apply the ten and six year reach back periods under the respective statutes.

The fact that the IRS's claim is relatively small does not limit the amount recoverable by the trustee under Bankruptcy Code § 544(b). *In re Kaiser*, 525 B.R. at 712 ("'[T]he right of the trustee to recover is . . . not dependent at all on the size of the creditor's claim against the debtor' and 'an entire transfer can be set aside even though the creditor's claim is nominal.'") (quoting *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1112 (9th Cir. 2010) (citations omitted)).

The date the IRS's claim came into existence may matter depending upon the basis for the trustee's claim. For example, MUFTA § 6 requires a creditor to have a claim which arose prior to the transfer. On the other hand, under MUFTA § 5, a transfer may be fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer.

Counts VI and VII of the complaint do not state causes of action. Further, Count VIII alleging actual fraud under MUFTA lacks the specificity required for such claims. Accordingly, these counts will be dismissed unless, within 30 days, the trustee files an amended complaint consistent with this order.

**Count IX – Fraudulent Transfer (Constructive Fraud)**

This count refers to MUFTA § 5, but the prayer for relief applicable to this count at the end of the complaint refers to MUFTA §§ 5 and 6. This count will be dismissed unless within 30 days the trustee files an amended complaint that is clear and consistent as to the statutory basis for the relief sought and sets forth the requisite factual allegations required by the section(s) of the statute being relied upon.

**Count X – Illegal Dividends/Distributions**

GRANTED. The complaint fails to state a claim.

**Count XI – Substantive Consolidation**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XII – Equitable Subordination**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XIII – Recharacterization**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XIV – Turnover**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XV – Fraudulent Transfer (Sale of Revere Property Actual Intent)**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XVI – Fraudulent Transfer (Revere Proceeds Constructive Fraud)**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XVII – Fraudulent Transfer (Atlantic Realty Lease Payments)**

GRANTED. Atlantic Realty is not a party in this proceeding.

**Count XVIII – Bankruptcy Code § 552**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XIX – Preference**

This count will be dismissed unless within 30 days the trustee files an amended complaint identifying the specific transfers which he claims were preferences.

**Count XX – Realty Rent (No Claim)**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Count XXI – Realty Rent (Claim Subordination)**

DENIED. The complaint plausibly alleges facts sufficient to survive the motion to dismiss.

**Objections to ACAS and Realty Proofs of Claim**

DENIED. At this stage, the allegations in the complaint are sufficient to overcome the prima facie validity of the proofs of claim.

SO ORDERED:

July 19, 2019

_____
Melvin S. Hoffman
United States Bankruptcy Judge